UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHRISTOPHER HANCOCK,

                Plaintiff,

    -against-                               COMPLAINT AND
                                                     JURY TRIAL DEMAND

SGT. FLAVIO RODRIGUEZ, Shield No. 806,
P.O. CORTNEY ALLEN, Shield No. 17212,
and THE CITY OF NEW YORK,

                Defendants.
------------------------------------------------------------------X

Plaintiff, CHRISTOPHER HANCOCK, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiff, invoking the pendent jurisdiction of this Court, also seeks monetary damages, both compensatory and punitive, as well as attorney's fees, for false arrest and battery.

## VENUE

5. Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, CHRISTOPHER HANCOCK, was and is a natural person, resident in the County of New York, City and State of New York.

8. At all times relevant hereto, defendant SGT. FLAVIO RODRIGUEZ, Shield No. 806 (hereinafter "RODRIGUEZ") was and is a natural person, employed as a sergeant by the Police Department of The City Of New York.

9. At all times relevant hereto, defendant P.O. CORTNEY ALLEN, Shield No. 17212 (hereinafter "ALLEN") was and is a natural person, employed as a police officer by the Police Department of The City Of New York.

10. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

11. On or about November 2, 2009, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

12. More than thirty (30) days have elapsed since the aforesaid verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

13. This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

## AS AND FOR A FIRST CAUSE OF ACTION
## <u>AGAINST DEFENDANTS RODRIGUEZ and ALLEN</u>
## (42 U.S.C. §1983)

14. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "13" hereinabove as if more fully set forth at length herein.

15. On or about August 5, 2009, at approximately 10:30 P.M., plaintiff was standing, holding onto his own bicycle, in front of the premises 200 West 112th Street, County, City and State of New York.

16. At the aforementioned time and place, while plaintiff was engaged in conversation with the sister of a friend, he noticed a New York City Police Department motor vehicle driving along West 112th Street and slowing for a stop at the traffic light located at the corner of West 112th Street and Adam Clayton Powell Boulevard.

17. Plaintiff looked at the aforementioned New York City Police Department motor vehicle with the purpose of seeing if one of two police officers with whom he is acquainted and who were assigned to the 28th Precinct were in the vehicle.

18. Defendant RODRIGUEZ, who was seated in the front passenger seat of the vehicle, looked at plaintiff and inquired, "What the fuck are you looking at?"

19. Plaintiff replied, "Not you."

20. Defendant RODRIGUEZ now replied, "You trying to be a joker?"

21. Defendant RODRIGUEZ stepped out of the vehicle and ordered plaintiff to, "Get over here."

22. Plaintiff replied, "For what? What did I do?"

23. Defendant RODRIGUEZ then stated, "Didn't I say, 'Get the fuck over here?'"

24. Defendant RODRIGUEZ now reached for plaintiff as if to grab him.

25. Plaintiff moved his arm out of the way.

26. Defendant RODRIGUEZ, using both of his hands, grabbed both of plaintiff's arms.

27. Plaintiff asked, "Why are you touching me?"

28. Defendant RODRIGUEZ responded, "Are you trying to be a comedian?"

29. Plaintiff replied, "You can talk to me. You don't have to put your hands on me. I didn't do anything wrong."

30. Defendant RODRIGUEZ told plaintiff to get against the wall of the aforementioned building and pushed him.

31. Defendant RODRIGUEZ now called the driver of the aforementioned vehicle, defendant ALLEN, over to where he and plaintiff were.

32. Defendant RODRIGUEZ grabbed hold of plaintiff's right thumb and wrist and twisted them, hard.

33. Defendant RODRIGUEZ pushed plaintiff and tightly rear-handcuffed him.

34. Plaintiff immediately felt pain in his right hand and so informed both defendants RODRIGUEZ and ALLEN.

35. Plaintiff was pulled over to the aforementioned Police Department motor vehicle and placed in the back seat.

36. Plaintiff's requests to have the handcuff on his right wrist loosened were ignored.

37. Plaintiff was transported to the stationhouse of the 28th Precinct, which is located at 2271 Eighth Avenue, County, City and State of New York.

38. Plaintiff was taken out of the aforementioned motor vehicle.

39. Plaintiff noticed defendant ALLEN searching the back of the Police Department motor vehicle.

40. Fearing that he would be falsely charged with having been in possession of contraband, plaintiff took a step in the direction of the entrance to the stationhouse.

41. Defendant RODRIGUEZ, however, grabbed hold of plaintiff's handcuffs, pulled them up, and squeezed them so hard that plaintiff began yelling.

42. In response to plaintiff's yelling, defendant RODRIGUEZ made the handcuffs even tighter and said to plaintiff, "Oh, you don't like that?"

43. Plaintiff was taken into the stationhouse.

44. Once he was inside the stationhouse, plaintiff made several requests to have his handcuffs loosened.

45. All of his aforementioned requests were ignored.

46. One police officer even laughed when he looked at the tightness of the handcuffs on plaintiff's wrists.

47. Plaintiff was kept standing, handcuffed, for approximately twenty minutes, while both of his hands became numb.

48. Plaintiff requested that an ambulance be called to take him to a hospital.

49. Plaintiff's request for an ambulance was denied.

50. After approximately twenty minutes, plaintiff was placed in a holding cell and the handcuffs were removed.

51. Plaintiff observed that both of his wrists were bleeding.

52. Plaintiff again asked for an ambulance to take him to a hospital.

53. Once again, plaintiff's requests for medical attention were ignored.

54. After a period of time had gone by, Christpher Hager, one of the police officers assigned to the 28th Precinct with whom plaintiff was acquainted, came into the stationhouse.

55. Officer Hager noticed plaintiff waving at him so he approached him and asked plaintiff what he was doing there.

56. Plaintiff replied that that was what he wanted to know and requested that Officer Hager ask defendants RODRIGUEZ and ALLEN why he was under arrest.

57. Sometime later, defendant ALLEN came into the cell where plaintiff was being held and informed him that he would be given summonses for disorderly conduct and riding his bicycle on the sidewalk.

58. Defendant ALLEN issued plaintiff summonses for the two aforementioned offenses.

59. While defendant ALLEN was writing the aforementioned summonses, defendant RODRIGUEZ approached plaintiff, told him that he knew his face and knew where he lived, and promised him that he would see him again.

60. On or about September 10, 2009, all charges against plaintiff were dismissed and sealed, without plaintiff having to be present, in the Criminal Court of the City of New York, County of New York.

61. Defendants RODRIGUEZ and ALLEN violated plaintiff's right to be arrested and charged only with probable cause therefor, guaranteed to him by the fourth amendment to the Constitution of the United States, and violated his right to be free of unreasonable and excessive force, guaranteed to him by the fourth amendment to the Constitution of the United States in that, acting under color of state law, defendant RODRIGUEZ, without any cause or provocation whatsoever, falsely placed plaintiff

under arrest, falsely imprisoned him, and intentionally and maliciously used excessive force against him, and in that defendant ALLEN failed to intervene to stop or prevent defendant RODRIGUEZ from intentionally and maliciously using excessive force against plaintiff and in falsely and maliciously issuing summonses to plaintiff for two offenses he had not committed and in that both individual defendants, in violation of plaintiff's rights under the fourteenth amendment to the Constitution of the United States, intentionally denied plaintiff's requests for medical care.

62. Because of the aforesaid acts committed by defendants RODRIGUEZ and ALLEN, plaintiff suffered a deprivation of his rights to be arrested and charged only with probable cause, to be free of excessive force and mistreatment, and to not be denied necessary medical care, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States and, as a result, suffered a loss of his liberty; was permanently and seriously injured causing him to undergo, and to continue to undergo, treatment for his injuries for which he has incurred, and will incur in the future, expenses.

63. By reason of the aforementioned unconstitutional and illegal actions taken against him by defendants RODRIGUEZ and ALLEN, plaintiff has been damaged in the sum of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants RODRIGUEZ and ALLEN.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANTS RODRIGUEZ and CITY
### (BATTERY)

64. Plaintiff repeats, reiterates and realleges each and every allegation

contained in paragraphs "1" through "63" hereinabove as if more fully set forth at length herein.

65. On or about August 5, 2009, commencing at approximately 10:30 P.M., in front of the premises 200 West 112th Street, County, City and State of New York, and in front of the entrance to the stationhouse of the 28th Precinct, which is located at 2271 Eighth Avenue, County, City and State of New York, defendant RODRIGUEZ, without any provocation or reasonable cause therefor, offensively touched plaintiff by twisting plaintiff's right thumb and wrist, tightly handcuffing him, continuing to tighten the handcuffs when plaintiff complained of the tightness, and refusing to loosen the aforementioned handcuffs despite plaintiff's repeated requests that he do so.

66. At the time that defendant RODRIGUEZ committed the aforesaid acts of battery against plaintiff, he was acting within the scope of his employment by defendant CITY.

67. By reason of the aforesaid battery committed against plaintiff by defendant RODRIGUEZ, while he was acting within the scope of his employment by defendant CITY, plaintiff has been seriously and permanently injured, has undergone medical treatment for his injuries, will undergo further medical treatment for his injuries in the future, and has had, and will continue to incur, expenses for his medical treatment.

68. As a result of the aforesaid battery committed against him by defendant RODRIGUEZ, while he was acting within the scope of his employment by defendant CITY, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant RODRIGUEZ.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANTS RODRIGUEZ, ALLEN, and CITY
## (FALSE ARREST)

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "68" hereinabove as if more fully set forth at length herein.

70. On or about August 5, 2009, at approximately 10:30 P.M., in front of the premises 200 West 112th Street, County, City, and State of New York, and at the stationhouse of the 28th Precinct, which is located at 2271 Eighth Avenue, County, City and State of New York, defendants RODRIGUEZ and ALLEN, without probable cause therefor, falsely, maliciously, and intentionally placed plaintiff under arrest, incarcerated him, and falsely, maliciously and intentionally charged him with the offenses of riding a bicycle on the sidewalk and disorderly conduct.

71. At the time that defendants RODRIGUEZ and ALLEN committed the aforesaid acts of false arrest and imprisonment, they were acting within the scope of their employment by defendant CITY.

72. By reason of the arrest falsely, maliciously and intentionally made of him by defendants RODRIGUEZ and ALLEN, while they were acting within the scope of their employment by defendant CITY, plaintiff suffered a loss of his liberty.

73. As a result of his being falsely arrested by defendants RODRIGUEZ and ALLEN, while they were acting within the scope of their employment by defendant CITY, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants RODRIGUEZ and ALLEN.

WHEREFORE, plaintiff, CHRISTOPHER HANCOCK, demands judgment against

defendants, SGT. FLAVIO RODRIGUEZ, Shield No. 806, P.O. CORTNEY ALLEN, Shield No. 17212, and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants RODRIGUEZ and ALLEN;

SECOND CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant RODRIGUEZ;

THIRD CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants RODRIGUEZ and ALLEN.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
October 19, 2010

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
File No. 2164